**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

Nos. 21-2667 & 22-1765
————————

HIEU VAN TRAN,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
————————

On Petitions for Review of
Orders of the Board of Immigration Appeals
(A046-574-876)
Immigration Judge:  Alice Song Hartye
————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 19, 2023
————————

Before:  AMBRO, PORTER, and FREEMAN, *Circuit Judges*.

(Opinion filed February 3, 2023)
————————

OPINION[*]
————————

FREEMAN, *Circuit Judge*.

Hieu Van Tran petitions for review of two decisions:  the Immigration Judge's

order denying relief under the Convention Against Torture and the Board of Immigration

———————————

[*] This disposition is not an opinion of the full Court and pursuant to 3d Cir. I.O.P. 5.7 does
not constitute binding precedent.

Appeals' order denying his motion to reopen his removal proceedings. For the reasons stated, we will deny the petition in part and dismiss in part for lack of jurisdiction.

I.

Tran was born in Vietnam and admitted to the United States as a lawful permanent resident when he was seven or eight years old. Approximately twenty years later, he was convicted of drug distribution, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(C), which led him to be placed in removal proceedings. Proceeding pro se, Tran applied for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). He asserted that he feared returning to Vietnam based on his race, mixed ethnic background, religion, and political beliefs. Tran is the child of an Amerasian parent with African-American ancestry, and he is a Christian.

At the merits hearing, the Immigration Judge ("IJ") questioned Tran extensively about the bases for his application for protection under CAT, including his mixed ethnic background. Tran recounted three childhood incidents where he had been harmed in Vietnam. First, he described an incident where he picked fruit from a villager's tree without permission; the villager retaliated by tying him to a tree, causing Tran to suffer from ant bites. Upon probing by the IJ, Tran testified he believed he was targeted because of his race and mixed ethnic background but could not recall the villager's saying anything to him during the incident. Second, Tran described an incident where he and other children were playing on a neighbor's flooded rice paddy without permission and the neighbor retaliated by grabbing him and dunking his head repeatedly in water. He testified he believed he was harmed because he was "messing up" the rice paddy.

2

Administrative Record ("A.R.") 813.[1]  Upon the IJ's probing, Tran also stated he believed he was targeted because of his mixed ethnic background, though he admitted his belief was rooted in speculation.  Third, during a short visit to Vietnam after relocating to the United States, a bystander told Tran he did not belong because he came from America, threw a rock at him, and started a fight that onlookers quickly broke up.  Tran testified that he did not contact government authorities about any of these incidents and he did not believe the government had ever harmed him.

In response to the IJ's questions about his religion and political views, Tran testified that he was not politically active but that he could be imprisoned or killed in Vietnam because of his belief in freedom or because of his practice of Christianity.  The IJ twice provided him the opportunity to share any additional information about his fear of returning to Vietnam.

The IJ denied relief.  Because of his prior drug distribution offense, Tran was ineligible for asylum under 8 U.S.C. § 1158(b)(2) and withholding of removal under 8 U.S.C. § 1231(b)(3)(B).  The IJ also denied the request for protection under CAT, concluding that Tran failed to show that he would be subject to torture in Vietnam by or with the acquiescence of the Vietnamese government.

Tran appealed to the Board of Immigration Appeals ("BIA").  He did not address his CAT claim in his notice of appeal; his sole contention pertained to his prior drug

---

[1] There are numerous versions of the Administrative Record on the two dockets in this case.  Citations herein are to the Administrative Record at Docket Entry 6 in No. 22-1765.

conviction. He argued that the sentencing court and his defense counsel failed to advise him of the immigration consequences of pleading guilty, and he stated his intent to collaterally challenge his conviction.[2] The BIA dismissed the appeal, noting that Tran's conviction remains final for immigration purposes until it is overturned. Because he had not challenged the IJ's decisions, the BIA concluded he had waived any such challenges. He then timely filed a petition for review of the BIA's decision in this Court.

While his petition for review was pending, Tran filed a motion to reopen his removal proceedings with the BIA, arguing that his proceedings had been fundamentally unfair because he was not competent to represent himself and the IJ had failed to develop the record regarding his CAT claim. He submitted additional country conditions evidence to support his CAT claim. We held his petition in abeyance for the BIA to resolve his motion to reopen. On March 31, 2022, the BIA denied the motion as procedurally improper because Tran had failed to present any material evidence that could not have been presented in earlier proceedings and had failed to present any indicia of incompetency. In the alternative, the BIA concluded Tran could not show he was eligible for relief under CAT. Tran then filed another petition for review in this Court, and we consolidated his two petitions.

## II.

"We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of the BIA denying CAT relief." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). The

---

[2] He also filed a brief that the BIA rejected as untimely. The brief is not in the record before this Court.

4

scope of our review is limited to the BIA's order, but if the BIA adopts the IJ's decision, we look to both decisions. *Id.* We review the BIA's factual findings under the substantial-evidence standard, meaning that we will uphold findings of fact unless a reasonable adjudicator would be compelled to conclude to the contrary, *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020), and we review the BIA's legal determinations de novo, *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017). "By contrast, we review the denial of a motion to reopen for abuse of discretion and will reverse only if the denial was 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Abulashvili v. Att'y Gen.*, 663 F.3d 197, 202 (3d Cir. 2011)).

Tran argues that he was denied due process because the IJ "failed to adequately develop the evidentiary record" for his CAT claim. Petition ("Pet.") at 10. But Tran did not assert this due process claim in his appeal to the BIA. When a claim of procedural error could have been addressed in the first instance by the BIA on appeal but was not, we lack jurisdiction to review it. *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005). Accordingly, Tran's due process claim is unexhausted and beyond this Court's review.

Even if we were to consider Tran's due process claim on the merits, we would not grant relief. Tran argues that the IJ denied him due process by "limiting the evidentiary record" and failing to develop the record around the history of Amerasian persecution in Vietnam. Pet. at 12. But to prevail on his due process claim, Tran must show two things: (1) that he "was prevented from reasonably presenting his case" and (2) that "substantial prejudice resulted" from the alleged violation. *Serrano-Alberto*, 859 F.3d at 223 (quoting

5

*Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007)). Tran's argument fails at the first step.[3]

The IJ thoroughly questioned Tran about his reasons for seeking CAT relief, the nature and severity of harm he had previously suffered, and any government involvement. The IJ also helped Tran connect his testimony to his fear of torture based on his mixed ethnic background; advised Tran about the type of evidence he could submit in support of his application; and reviewed country conditions evidence in rendering a decision. The IJ's lengthy interaction with Tran hardly resembles those cases where we have held that an IJ violated due process. *See, e.g.*, *Serrano-Alberto*, 859 F.3d at 212 (IJ violated due process by belittling, interrupting, and restricting the petitioner's testimony). And Tran's assertion that the IJ should have done more to address Amerasian issues fails to explain how the IJ prevented him from reasonably presenting his case or how that resulted in substantial prejudice.[4]

Tran also challenges the BIA's order denying his motion to reopen. The BIA denied that motion because it was not supported by evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988). The Board's

---

[3] Tran also claims that the IJ applied an incorrect legal standard for determining CAT relief. Pet. at 14. But the IJ correctly identified the elements of a CAT claim and cited the applicable law. A.R. 719–27 (citing *Myrie*, 855 F.3d 509).

[4] Tran asks this Court to hold that IJs have an affirmative constitutional duty to develop the record. This Court has not expressly addressed whether due process creates such a duty, *Serrano-Alberto*, 859 F.3d at 224 n.8, and we need not resolve that question here. Assuming such a duty exists, the record shows that the IJ fulfilled that duty in addition to her statutory duty under 8 U.S.C. § 1229a(b)(1).

decision was not arbitrary, irrational, or contrary to law, and therefore was not an abuse of discretion. *See Serrano-Alberto*, 859 F.3d at 213.

Tran argues that he should be excused from the requirement that he support his motion to reopen with new, material evidence because he was incompetent and lacked knowledge about the history of Amerasian persecution. But the BIA properly reviewed the administrative record and did not find any indicia of incompetency. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 484 (BIA 2011).

Even if Tran's motion to reopen had been procedurally proper, we would deny relief because Tran did not establish a prima facie case for relief under CAT. *Gen Lin v. Att'y Gen.*, 700 F.3d 683, 686 (3d Cir. 2012). Although Tran identified past harms that may have been rooted in his mixed ethnic background, he has not established that he is more likely than not to be tortured "by or at the instigation of or with the consent or acquiescence of" a Vietnamese official. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.18(a)(1)). Therefore, the BIA did not abuse its discretion when it denied his motion to reopen.

## III.

Because we lack jurisdiction to review Tran's due process objection to the IJ's CAT decision, we will dismiss that portion of his petition. We otherwise will deny Tran's petition for review.

7